**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4830**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

MOHAMMAD TAHER AL-SUQI,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Senior District Judge. (1:13-cr-00191-JCC-1)

Submitted: July 24, 2014          Decided: August 7, 2014

Before KEENAN, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Alan D. Bowman, LAW OFFICE OF ALAN D. BOWMAN, Newark, New Jersey, for Appellant. Dana J. Boente, United States Attorney, Paul J. Nathanson, Jasmine H. Yoon, Assistant United States Attorneys, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mohammad Taher Al-Suqi was convicted, following a jury trial, of nineteen counts of aiding in the preparation of a false income tax return, 26 U.S.C. § 7206(2), two counts of making and subscribing a false income tax return, 26 U.S.C. § 7206(1), and one count of making a false statement to a federal agent, 18 U.S.C. § 1001. On appeal, he argues that the district court improperly admitted evidence that he created false verifications of employment ("VOE") and evidence from an undercover Internal Revenue Service ("IRS") investigation. Al-Suqi further asserts that the prosecutor's reference to the VOEs during closing argument was plainly improper. Finally, he contends that the district court erroneously relied on evidence not proved at trial in assessing the tax loss attributable to him for sentencing purposes. Finding no error in the district court's rulings, we affirm.

First, Al-Suqi contends that the VOE evidence was irrelevant and unnecessary. We review a district court's evidentiary rulings for abuse of discretion. See United States v. Benkahla, 530 F.3d 300, 309 (4th Cir. 2008). A district court abuses its discretion by acting "arbitrarily or irrationally" in admitting evidence. Id. (internal quotation marks omitted).

"Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Such evidence may, however, "be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). To be admissible under Rule 404(b), evidence must be "(1) relevant to an issue other than character; (2) necessary; and (3) reliable," and must also satisfy Fed. R. Evid. 403. United States v. Siegel, 536 F.3d 306, 317, 319 (4th Cir. 2008) (internal quotation marks omitted). Under Rule 403, "damage to a defendant's case is not a basis for excluding probative evidence" because "[e]vidence that is highly probative invariably will be prejudicial to the defense." United States v. Grimmond, 137 F.3d 823, 833 (4th Cir. 1998).

We conclude that the district court did not abuse its discretion when it admitted the VOE evidence. Evidence that Al-Suqi had prepared similar false documents for relatively meager compensation was highly probative on the issue whether he acted knowingly and without mistake in preparing the false returns charged in the indictment, the central issue at trial. Thus, the VOEs were highly relevant and significantly aided the

3

Government in meeting its burden to show that Al-Suqi acted willfully.

Next, Al-Suqi challenges the district court's decision to admit evidence recorded during an IRS undercover operation. An IRS agent, posing as a taxpayer, entered Al-Suqi's tax preparation business seeking to have a tax return prepared during the time period when Al-Suqi allegedly prepared and submitted false tax returns. The district court concluded that the recording and transcript of the meeting were intrinsic to the charged offenses and admissible under Rule 403.

"Evidence of uncharged conduct is not other crimes evidence subject to Rule 404 if the uncharged conduct arose out of the same series of transactions as the charged offense, or . . . is necessary to complete the story of the crime on trial." United States v. Basham, 561 F.3d 302, 326 (4th Cir. 2009) (internal quotation marks omitted). Such intrinsic evidence is "inextricably intertwined" with evidence of the charged offenses and forms an integral part of the testimony concerning them. United States v. Lighty, 616 F.3d 321, 352 (4th Cir. 2010) (internal quotation marks omitted).

We conclude that the district court did not abuse its discretion in admitting the challenged evidence, because the evidence was intrinsic to the charges in the indictment. The recording showed Al-Suqi preparing the undercover agent's tax

4

return in the same fraudulent manner that he prepared the tax returns underlying the charges. The meeting occurred during the same time period that Al-Suqi was preparing the tax returns that were the subject of the indictment. While Al-Suqi's case was damaged by the incriminating recording and transcript, we cannot say that he was unfairly prejudiced. See Grimmond, 137 F.3d at 833.

Al-Suqi next contends that the prosecutor improperly stated during closing argument that Al-Suqi deceived banks by confirming the false information contained in the VOEs. Because Al-Suqi did not object to this statement at trial, we review for plain error. United States v. Umana, 750 F.3d 320, 351 (4th Cir. 2014).

A defendant's due process rights are violated by a prosecutor's closing argument when (1) the prosecutor's remarks were improper, and (2) the improper remarks prejudiced the defendant's substantial rights to such a degree that he was denied a fair trial. Lighty, 616 F.3d at 359. We conclude that Al-Suqi has not demonstrated that the prosecutor's isolated remark, which was supported by evidence adduced at trial, was either improper or unfairly prejudicial.

Finally, Al-Suqi argues that the district court erroneously calculated the tax loss attributable to him. He asserts that under Alleyne v. United States, 133 S. Ct. 2151

5

(2013), the tax loss amount is an element of the crime that must be submitted to the jury. We disagree. Alleyne requires that any fact, other than a prior conviction, that increases the statutory minimum punishment is an element of the offense that must be proved beyond a reasonable doubt. 133 S. Ct. at 2155, 2162-63. The Supreme Court cautioned that its holding "does not mean that any fact that influences judicial discretion must be found by a jury." Id. at 2163. The tax loss calculation here was relevant only to determine Al-Suqi's advisory Guidelines range and had no impact on any mandatory minimum sentence. We therefore reject Al-Suqi's challenge to the tax loss calculation.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this Court and argument will not aid the decisional process.

AFFIRMED

6