ALD-023                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2205
_____

PATRICK OKEY,
                                    Appellant

v.

CPT DANIEL STREBIG; WARDEN DOLL
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-14-cv-01203)
District Judge Honorable Sylvia H. Rambo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
October 22, 2015

Before: AMBRO, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed:  October 29, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Patrick Okey appeals from the judgment of the United States District Court for the Middle District of Pennsylvania in his civil rights case. As the appeal lacks any arguable basis in law or fact, we will dismiss it as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

## I.

As a threshold matter, we note that we have previously summarily affirmed the District Court's dismissal of a virtually identical action filed by Patrick Okey in 2013. See Okey v. Strebig, 531 F. App'x 212 (3d Cir.), cert. denied, 134 S. Ct. 446 (2013). Okey, proceeding pro se and in forma pauperis, brought a complaint under 42 U.S.C. § 1983 alleging Eighth Amendment and Fourteenth Amendment violations. The U.S. Marshals were charged with effecting service on Defendants Strebig and Doll on July 9, 2014. When no response was forthcoming, Okey filed a request for default on August 18, 2014. The defendants filed a motion to dismiss on September 8, 2014, and filed a brief in support, arguing that res judicata (hereafter referred to as "claim preclusion") applied to bar Okey's case. Okey then filed a motion for default judgment, which the Court denied. The Court subsequently granted the defendants' motion to dismiss on the ground that claim preclusion barred Okey from bringing his claims a second time.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331, and we have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's decision to dismiss an appeal based on claim preclusion. See Elkadrawy v.

2

Vanguard Grp., Inc., 584 F.3d 169, 172 (3d Cir. 2009).  For a party to win on the basis of claim preclusion, the party must establish that there has been "(1) a final judgment on the merits in a prior suit;" (2) involving the same parties or parties standing in the same shoes; and (3) a subsequent suit based on the same claim or claims.  Elkadrawy, 584 F.3d at 172-73 (citing Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991)).

The District Court correctly found that each of these elements is satisfied and that, as a result, Okey's second suit is barred by claim preclusion.  In Okey's first suit, filed in 2013, the District Court issued a final judgment on the merits. First, the District Court dismissed most of Okey's claims for failure to state a claim, except for his Eighth Amendment claim against Defendant Strebig.  The District Court granted Okey thirty days to amend this remaining claim, and he failed to do so.  The District Court then dismissed the case with prejudice for failure to state a claim under § 1915(e)(2)(B)(ii).  Okey brought both cases against Defendants Strebig and Doll,[1] alleging violations under 42 U.S.C. § 1983.  In the first case, Okey argued that Defendant Strebig violated Okey's Eighth Amendment rights by failing to intervene in a prison fight and failing to protect Okey from injury.  Okey also argued in the first case that Defendant Doll had violated Okey's Fourteenth Amendment due process rights by failing to hear Okey's grievances regarding his administrative segregation.  He made these exact arguments in the second

---

[1] Initially, Okey included a "Corporal Laso" in his initial complaint, but quickly dropped this defendant from the suit.

case.  The District Court also correctly denied leave to amend because granting such leave would have been futile.

For the reasons stated above, we will dismiss the appeal as frivolous under § 1915(e)(2)(B)(i).  In light of our disposition, Okey's motion for appointment of counsel is denied.  See Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993).